# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

ENJOLI JOHNSON,

    Plaintiff,

v.

VALENTINE & KEBARTAS, LLC and
LVNV FUNDING LLC,

    Defendants.
_____/

CASE NO.: 1:20-cv-23540

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes ENJOLI JOHNSON ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of VALENTINE & KEBARTAS, LLC ("Valentine") and LVNV FUNDING LLC ("LVNV") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Florida a subtotal portion of the event that gave rise to this action occurred within the Southern District of Florida.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Miami, Florida, which is within the Southern District of Florida.

5. Valentine promotes itself as "an industry leader in the fields of accounts receivable and collection services."[1] Valentine is a limited liability company organized under the laws of the State of Massachusetts and its principal place of business is located at 15 Union Street, Lawrence, Massachusetts.

6. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the State of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

7. LVNV is Valentine's principal. Consequently, LVNV is liable for Valentine's actions as it exercises control over Valentine's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://valentineandkebartas.com/vk-difference/
[2] http://www.lvnvfunding.com/

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

10. The instant action stems from Defendants' attempts to collect upon a personal credit card debt ("subject debt") that Plaintiff purportedly owed to WebBank.

11. The subject debt was incurred for the purchase of personal household goods and/or services.

12. Upon information and belief, LVNV purchased the subject debt after it was allegedly in default.

13. Subsequently, LVNV placed the subject debt with Valentine for collection.

14. Around the summer of 2020, Plaintiff began receiving calls to her cellular phone, (786) XXX-0516, from Valentine.

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0516.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

16. Valentine uses several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (239) 347-6415 and (866) 607-3885.

17. Upon information and belief, the above referenced phone numbers are regularly utilized by Valentine during its debt collection activity.

18. Upon answering phone calls from Valentine, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

19. Plaintiff, through her contacts with Valentine, was informed that it was acting as a debt collector on behalf of LVNV and that it was attempting to collect upon the subject debt.

20. Valentine's harassing phone calls caused Plaintiff to demand that Defendants cease contacting her.

21. Despite Plaintiff's demands, Valentine continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject debt through the filing of this lawsuit.

22. Plaintiff has received not less than 15 phone calls from Valentine since asking it to stop calling.

23. Moreover, on August 3, 2020, Valentine placed a collection call to Plaintiff's cellular phone at 7:25 AM.

24. Frustrated over Defendants' conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

26. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendants identifies themselves as debt collectors, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

32. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt - - (1) at any unusual time . . . or a time . . . which should be known to be inconvenient to the consumer . . . ." For purposes of § 1692c(a)(1), "a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."

33. Defendants violated 15 U.S.C. § 1692c(a)(1) when Valentine telephonically contacted Plaintiff at 7:25 A.M. By placing this call, Defendants communicated with Plaintiff at a time which was presumptively inconvenient and was therefore in violation of the FDCPA.

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendants violated §1692c(a)(1), d, and d(5) when Valentine repeatedly called Plaintiff after being notified to stop. Valentine called Plaintiff at least 15 times after she demanded that Defendants stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and nature of calls shows that Defendants willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

36. Defendants were notified by Plaintiff that its calls were not welcomed. As such, Defendants knew that their conduct was inconvenient and harassing to Plaintiff.

### a. Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. Defendants violated §1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendants stop contacting her, Valentine continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Valentine systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through their conduct, Defendants misleadingly represented to Plaintiff that they had the legal ability to contact her via an automated system when they no longer had consent to do so.

### b. Violations of FDCPA § 1692f

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendants violated §1692f when they unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 15 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendants only served to worry and confuse Plaintiff.

42. As pled in paragraphs 24 through 26, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, ENJOLI JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

43. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

45. Defendants are "debt collector[s]" as defined by Florida Statutes §559.55(7).

46. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

7

### a. Violations of FCCPA § 559.72(7)

47. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. Defendants violated section 559.72(7) of the FCCPA when Valentine placed repeated harassing telephone calls to Plaintiff after she demanded that they stop calling. Instead of abiding by Plaintiff's wishes, Valentine placed no less than 15 calls to Plaintiff's cellular phone after she demanded that it cease calling her.

WHEREFORE, Plaintiff, ENJOLI JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendants;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendants from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: August 25, 2020                                   Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163

*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com